IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | 8:06MJ126 |
| Plaintiff,           ) | |
| ) | ORDER |
| vs.           ) | |
| ) | RE: MATERIAL WITNESS |
| ABEL HERNANDEZ-ACOSTA,           ) | |
| ) | CYNTHIA PAOMA |
| Defendant.           ) | |

This matter is before the court on the application of the United States for the arrest and detention of a material witness, Cynthia Paoma. The court having found the application set forth the materiality of the witness's testimony in the above-captioned matter and it may become impracticable to secure the presence of the witness by subpoena, an arrest warrant was issued for the arrest of witness Cynthia Paoma on October 16, 2006, pursuant to 18 U.S.C. § 3144. Following the witness's arrest, the witness Cynthia Paoma was brought before the undersigned magistrate judge for a hearing on October 17, 2006.

Cynthia Paoma appeared with her court-appointed counsel, James K. McGough. Assistant U.S. Attorney Christian A. Martinez represented the United States. During the hearing, Chandler Thompson, a certified interpreter in the Spanish language, was present by remote telephone hook-up.

The court took judicial notice of the application and affidavit, the Pretrial Services Report and an Immigration and Customs Enforcement (ICE) detainer for the witness which was placed with the U.S. Marshal. Cynthia Paoma presented no evidence on the government's request that she be detained as a material witness.

I find that the testimony of Cynthia Paoma would be material in this criminal proceeding against Abel Hernandez-Acosta. I further find it may become impracticable to secure the presence of the witness by subpoena if the witness absconds to Mexico if she were released from custody on conditions. Since ICE has placed a detainer with the U.S. Marshal for deportation proceedings regarding the witness and the witness has no roots in this community or state, I find there is no condition or combination of conditions that

would reasonablely assure the presence of the witness for the upcoming criminal proceedings in this matter if she were released on conditions.

**IT IS ORDERED:**

1. The witness, Cynthia Paoma, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The witness shall be afforded a reasonable opportunity for private consultation with her counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2. Any motion or request for a deposition of the witness pursuant to Fed. R. Crim. P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

DATED this 18th day of October, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge